J-S01020-20 & J-S01021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN LITTLE | : | |
| | : | |
| Appellant | : | No. 3403 EDA 2018 |

Appeal from the PCRA Order Entered October 26, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0012481-2007.

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN LITTLE | : | |
| | : | No. 699 EDA 2019 |
| Appellant | : | |

Appeal from the PCRA Order Entered October 26, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0709461-2002.

BEFORE: BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED FEBRUARY 13, 2020**

---

[*] Retired Senior Judge assigned to the Superior Court.

Stephen Little appeals from the order denying as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  We affirm.

The pertinent facts and procedural history, as gleaned from our review of the certified record, are as follows:  On December 18, 2002, Little pled guilty to sexual Assault and terroristic threats.  **See** 18 Pa.C.S.A. §§ 3124.1 and 2706, respectively.  That same day the trial court sentenced Little to an aggregate term of 11½ to 23 months of incarceration followed by 8 years of probation under Docket CP-51-CR-0709461-2002 ("the 2002 docket").

On or about September 15, 2007, Little was arrested for violating the terms of his probation.  The basis for this violation was Little's failure to register as a sexual offender.  On November 13, 2007, he pled guilty at Docket CP-51-CR-0012481-2007 ("the 2007 docket") for failing to register as a sexual offender under Megan's Law II.  That same day, the trial court sentenced Little to the negotiated sentence of five years of probation.  The trial court also resentenced Little at the 2002 docket to 11½ to 23 months of incarceration followed by a five-year probationary term.

On August 25, 2010, Little was arrested and charged with aggravated assault and related charges.  Little entered a guilty plea and the trial court

---

[1] In accordance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), and **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019), Little has filed a separate notice of appeal at each lower court docket number listing only that docket number.

sentenced him to an aggregate term of 3½ to 7 years of incarceration and a consecutive five-year probationary term.

These new charges resulted in the revocation of probation at both the 2002 docket and the 2007 docket. On March 12, 2012, the trial court resentenced Little to a term of 2 to 10 years of incarceration for both the aggravated assault conviction and the terroristic threats conviction at the 2002 docket. The trial court ordered these sentences to run consecutively. At the 2007 docket, the trial court resentenced Little to a five-year term of probation, consecutive to the 2002 docket charges. Little did not file an appeal at either docket.

On January 7, 2014, Little filed a *pro se* PCRA petition, *nunc pro tunc*, at the 2002 docket only. The PCRA court appointed counsel, and PCRA counsel thrice amended the *pro se* petition. On June 9, 2017, the PCRA court granted Little relief in the form of vacating the consecutive 2 to 10 year sentence for terroristic threats because it exceeded the statutory maximum for the crime.[2] No further penalty was imposed for the terroristic threats conviction and the sexual assault conviction remained unchanged.

Little filed the PCRA petition at issue on October 16, 2017 at both the 2002 and 2007 dockets. The PCRA court appointed counsel on November 11, 2017. Little twice amended his *pro se* petition before the Commonwealth filed

---

[2] By filing his *pro se* PCRA petition "nunc pro tunc," Little appears to concede it was untimely filed. Our review of the record fails to disclose whether the timeliness issue was addressed in the 2014 PCRA.

its motion to dismiss on October 17, 2018. On October 23, 2018, Little's prior PCRA counsel filed a supplemental PCRA petition. On October 26, 2018, after hearing oral argument, the PCRA court granted the Commonwealth's motion to dismiss Little's petition because it was untimely and Little failed to plead and prove a time-bar exception.[3] This appeal followed.[4] Both Little and the PCRA court have complied with Pa.R.A.P. 1925.

Little now raises the following issue:

1. Should the conviction and sentence of [Little] for failure to register with the State Police be vacated where the PCRA court abused its discretion by dismissing his PCRA petition?

Little's Brief at 3. Before addressing this issue, we must first determine whether the PCRA court correctly determined that his current PCRA petition was untimely filed.[5]

_____

[3] Little does not take issue with the PCRA court's failure to issue Pa.Crim.P. 907 notice of its intention to dismiss his petition. Thus, any such claim is waived. **See generally**, **Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super. 2013).

[4] On January 8, 2019, the PCRA court granted Little's motion for the appointment of counsel to pursue the instant appeal. Current counsel was appointed on January 31, 2019.

[5] Because Little's appeal only concerns the 2007 docket, our timeliness determination will be limited to judgment of sentence imposed at that docket. Little asserts in his brief he should also be granted relief "for the finding that he violated his probation at the 2002 docket." Little's Brief at 9. This claim is meritless, because the 2017 PCRA petition is untimely under that docket as well.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[6] A PCRA petition invoking one of these

---

[6] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***See Commonwealth v. Hernandez***, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); ***see also*** 42 Pa.C.S.A. § 9545(b)(2).[7] Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016).

Here, because Little did not file a direct appeal to this Court after he was re-sentenced, on March 12, 2012, following his probation revocation for failing to register as a sexual offender, his judgment of sentence became final thirty days thereafter, or on April 11, 2012. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Thus, for purposes of the PCRA's time bar, Little had to file his first PCRA petition by April 11, 2013. Little filed his the PCRA petition at issue on October 16, 2017. Thus, the petition is patently untimely, unless Little has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Little failed to plead and prove a timeliness exception. In the various amendments to his PCRA petition, as well as within his appellate briefs, Little argues that he has established the newly-recognized constitutional right under 42 Pa.C.S.A. section 9545(b)(1)(iii) applies based upon ***Commonwealth v.***

---

[7] Section 9545(b)(2) has since been amended to enlarge this period from sixty days to one year. ***See*** Act of 2018, October 24, P.L. 894, No. 146, §§ 2 and 3. The sixty-day time period applies in this appeal.

- 6 -

*Muniz*, 164 A.3d 1189 (Pa. 2017). In *Muniz*, our Supreme Court held that the retroactive application of the Sexual Offender Registration and Notification Act (SORNA) registration scheme to sexual offenders who committed their crimes before SORNA's effective date violates the United States and Pennsylvania's *ex post facto* clause because of the scheme's punitive nature. *See Muniz*, 164 A.3d at 1217.

However, this Court has determined that although *Muniz* applies to timely collateral appeals, it does not establish a timeliness exception under the PCRA. As this Court has explained:

> Appellant's reliance on *Muniz* cannot satisfy the 'new retroactive right' of section 9545(b)(1)(iii). . . . Here, we acknowledge that this Court has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the [timely] petition at issue in *Rivera-Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). *See* [*Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002)]. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Commonwealth v. Greco*, 203 A.3d 1120, 1124 (Pa. Super. 2019) (quoting *Commonwealth v. Murphy*, 180 A.3d 402, 405-06 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018)).

Here, Little's PCRA petition was untimely and he cannot establish a timeliness exception.[8] *See Commonwealth v. Knecht*, 219 A.3d 689 (Pa. Super. 2019) (reiterating that *Muniz* does not establish a timeliness exception under the PCRA).[9] Therefore, the PCRA court lacked jurisdiction to consider the merits of Little's PCRA petition. We therefore affirm its order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/13/20

---

[8] We further note Little's claim also fails because our Supreme Court decided *Muniz* on July 19, 2017, and Little did not file his petition within sixty days of that date. *See* n.5, *supra*.

[9] If, in the future, the Pennsylvania Supreme Court issues a decision holding that *Muniz* applies retroactively, Little can then file a PCRA petition, within one year of that decision, attempting to invoke the timeliness exception of 42 Pa.C.S.A. section 9545(b)(1)(iii). *Murphy*, 180 A.3d at 406, n.1.